IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Warren Street Partners, LLC, | ) | |
| | ) | C/A No. 7:09–2142-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Richard A. Rodriguez, | ) | |
| Ronald E. West, | ) | |
| Floyd D. Elliott, and | ) | |
| Jeffrey Lamar Greene, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Richard A. Rodriguez, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Ronald E. West, Floyd D. | ) | |
| Elliott and Jeffrey L. Greene, | ) | |
| personal representative for | ) | |
| Clegg Lamar Greene, deceased, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

_____

Pursuant to Rule 41(a)(2), Fed. R. Civ. P., Plaintiff Warren Street Partners, LLC, and Defendant Richard A. Rodriguez have filed a joint motion to dismiss with prejudice only Plaintiff's claims against Rodriguez with no award of costs to either party. Plaintiff and Rodriguez specifically reserve their claims against the other Defendants. No opposition has been filed to this motion and the time to file any opposition has run. Accordingly, this motion is now ripe for ruling.

Under Rule 41(a)(2), a court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v.*

*USX Corp.*, 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." *Id.* "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). In deciding whether to dismiss without prejudice under Rule 41(a), "a district court should consider factors such as the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." *Howard v. Inova Health Care Servs.*, 302 F. App'x 166,178–179 (4th Cir. 2008) (internal quotations and citations omitted). Here, considering these factors and without any opposition, the Court finds that voluntary dismissal of Plaintiff's claims against Rodriguez is appropriate.

Based on the foregoing, the court dismisses with prejudice only Plaintiff's claims against Defendant Rodriguez without an award of costs to either party.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
June 19, 2012

2